**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT HACKWORTH, Jr., | No. 13-17203 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00850-BAM |
| v. | |
| P. RANGEL, Correctional Officer, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted April 26, 2016[***]

Before:     McKEOWN, WARDLAW and PAEZ, Circuit Judges.

Robert Hackworth, Jr., a California state prisoner, appeals pro se from the

district court's judgment in favor of defendant following a jury trial in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hackworth's 42 U.S.C. § 1983 action alleging an Eighth Amendment excessive force claim. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011) (evidentiary rulings); *United States v. Romero-Avila*, 210 F.3d 1017, 1024 (9th Cir. 2000) (district court's response to a question from the jury). We affirm.

The district court did not abuse its discretion in excluding the emergency room report, investigative report, and audio in the interview video as hearsay. *See United States v. Romo-Chavez*, 681 F.3d 955, 959 (9th Cir. 2012) ("When an out-of-court statement is offered to prove the truth of the matter asserted, it is hearsay and generally inadmissible."). Contrary to Hackworth's contention, this evidence did not qualify as a present sense impression or statement of then-existing physical condition. *See* Fed. R. Evid. 803(3) (statement of then-existing physical condition does not include "a statement of memory or belief to prove the fact remembered or believed"); *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995) ("We have held that to qualify [as a present sense impression], an out-of-court statement must be nearly contemporaneous with the incident described and made with little chance for reflection."). We reject Hackworth's contentions that the exclusion of this evidence denied him a fair trial or violated his due process rights.

The district court did not abuse its discretion in declining to further define the term "sadistically," and instead referring the jury to similar terms defined in the jury instructions and instructing the jury to use its common sense. *See United States v. Solomon*, 825 F.2d 1292, 1295 (9th Cir. 1987) ("Although the trial court is obliged to 'eliminate confusion when a jury asks for clarification of a particular issue,' the 'necessity, extent and character' of supplemental instructions, lies within the discretion of the trial court.").

Because the jury issued a verdict for defendant, Hackworth was not entitled to nominal damages.

**AFFIRMED.**

13-17203